# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| T. McGANN PLUMBING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06 C 6591 |
| | ) | |
| v. | ) | Magistrate Judge Morton Denlow |
| | ) | |
| | ) | |
| CHICAGO JOURNEYMEN | ) | |
| PLUMBERS' LOCAL 130, U.A.; | ) | |
| PLUMBERS' PENSION FUND, | ) | |
| LOCAL 130, U.A.; PLUMBERS' | ) | |
| WELFARE FUND, LOCAL UNION | ) | |
| 130, U.A.; TRUST FUND FOR | ) | |
| APPRENTICE AND JOURNEYMEN | ) | |
| EDUCATION AND TRAINING, | ) | |
| LOCAL UNION 130, U.A.; THE | ) | |
| PLUMBING COUNCIL OF | ) | |
| CHICAGOLAND; and CHICAGO | ) | |
| JOURNEYMEN PLUMBERS' | ) | |
| LOCAL UNION 130, U.A.; GROUP | ) | |
| LEGAL SERVICES PLAN FUND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| JAMES T. SULLIVAN, not | ) | |
| individually but as Trustee of | ) | |
| PLUMBERS' PENSION FUND, | ) | |
| LOCAL 130, U.A.; PLUMBERS' | ) | |
| WELFARE FUND, LOCAL 130, U.A.;) | | |
| THE TRUST FUND FOR | ) | |
| APPRENTICE AND JOURNEYMEN | ) | |
| EDUCATION AND TRAINING, | ) | |
| LOCAL 130, U.A.; CHICAGO | ) | |
| JOURNEYMEN PLUMBERS' | ) | |
| LOCAL UNION 130, U.A.; GROUP | ) | |
| LEGAL SERVICES PLAN FUND; | ) | |
| CHICAGO JOURNEYMEN | ) | |
| PLUMBERS' LOCAL 130, U.A.; and | ) | |
| PLUMBING COUNCIL OF | ) | |

**CHICAGOLAND,**                    )
                                    )
   **Counterplaintiffs,**     )
                                    )
    **v.**        )
                                    )
**T. McGANN PLUMBING, Inc., an**    )
**Illinois Corporation,**           )
                                    )
   **Counterdefendant.**       )

## MEMORANDUM OPINION AND ORDER

  In this action, Plaintiff T.McGann Plumbing, Inc. ("Plaintiff") seeks to set aside and vacate an arbitration award ("Award") issued by the Joint Arbitration Board ("JAB") that was convened pursuant to a collective bargaining agreement between Plaintiff and Defendants Chicago Journeymen Plumbers' Local Union 130, U.A. (misnamed as Chicago Journeymen Plumbers Local 130, U.A.), et al. (collectively, "Defendants"). Defendants and Counterplaintiffs James T. Sullivan, not individually but as Trustee of Plumbers' Pension Fund, Local 130 U.A., et al. (collectively, "Counterplaintiffs") seek to enforce the Award. Before the Court is Plaintiff's motions to compel the production of documents and depositions pursuant to subpoenas issued to the JAB, D.S.M. Siegel, Ltd., and Kevin Sherlock, and Defendants' and Counterplaintiffs' Motion to Quash the subpoenas. The motions raise the issues of the appropriate scope of discovery in proceedings to vacate or enforce an arbitration award. For the following reasons, the Court grants in part and denies in part Plaintiff's motion, and grants in part and denies in part Defendants' and Counterplaintiffs' motion.

# I. BACKGROUND FACTS

## A.    The Complaint

On July 26, 2006, the JAB convened to hear certain grievances made by the Union against Plaintiff. Comp. ¶ 8. Shortly after the hearing, the JAB issued a Decision and Award, wherein the JAB ordered Plaintiff to pay a fine to each Defendant. Comp. ¶ 9 and Ex. A. The Decision and Award also ordered other relief against Plaintiff, including the payment of interest and the entry of injunctive relief. Comp. ¶ 10 and Ex. A. On November 29, 2006, Plaintiff filed a complaint requesting this Court to vacate and set aside the JAB's Decision and Award based on the following reasons:

> A.    Contrary to the CBA, the JAB was not comprised of ten members, consisting of five members appointed by the Plumbing Contractors Association of Chicago and Cook County and five members appointed by the Union;
>
> B.    The Decision and Award does not draw its essence from the Collective Bargaining Agreement, is contrary to the terms of the Collective Bargaining Agreement and is not drawn from federal law;
>
> C.    The Decision and Award is not supported by evidence presented at the hearing before the JAB; and
>
> D.    The JAB exceeded their powers by ordering McGann to cease and desist from violating the Collective Bargaining Agreement in any like or similar manner.

Comp. ¶ 11.

In its answer, Defendants included as affirmative defenses the allegations that Plaintiff waived all arguments and claims not presented to the JAB, that Plaintiff's averments are insufficient under law to warrant vacating or modifying the JAB Decision and Award, and that Plaintiff's complaint is untimely and time-barred. Answer ¶ II.1-4.

**B.     Arbitration Procedure Under the Agreement**

The parties agreed in the Collective Bargaining Agreement ("Agreement") to arbitrate any disagreements or disputes involving the Agreement. Agreement, Art. III, § 3.1 (1995-1998); Agreement, Art. III, § 3.1 (2001-2004).  Article III of the Agreement sets forth the manner in which the arbitration hearing will be held. Agreement, Art. III, § 3.1 (1995-1998); Agreement, Art. III, § 3.1 (2001-2004). Under Article III, all disputes shall be submitted to a Joint Arbitration Board, which shall be comprised of ten members, consisting of five members appointed by the Plumbing Contractors Association of Chicago and Cook County and five members appointed by the Union. Agreement, Art. III, § 3.2 (1995-1998); Agreement, Art. III, § 3.2 (2001-2004).

The JAB will primarily hear actions involving the negative results of an audit, or any alleged breach of contract. An action "will be brought before the JAB when any audit reveals that a licensed journeyman plumber and/or apprentice or any other party who performs jurisdictional work has not been paid the prevailing rate." Agreement, Art. III, § 3.3 (1995-1998); Agreement, Art. III, § 3.3 (2001-2004). In the event of any other alleged contract violation, where the parties cannot otherwise resolve the dispute, a Union representative must notify the Secretary of the JAB in writing of the dispute. Agreement, Art. III, § 3.4 (1995-1998); Agreement, Art. III, § 3.4 (2001-2004).

After receiving notice of a dispute, the Secretary of the JAB must send the Employer written notice of the date, time and place of the hearing before the JAB regarding the dispute, along with a copy of the written notice of the dispute. Agreement,

Art. III, § 3.5 (1995-1998); Agreement, Art. III, § 3.5 (2001-2004). At the hearing, the JAB members shall hear the evidence in the case and render a decision in writing, signed by the Secretary of the JAB. Agreement, Art. III, § 3.5 (1995-1998); Agreement, Art. III, § 3.5 (2001-2004). This decision will be by majority vote, and will be final and binding on the parties to the Agreement. Agreement, Art. III, §§ 3.5, 3.6 (1995-1998); Agreement, Art. III, §§ 3.5, 3.6 (2001-2004). The Secretary of the JAB is responsible for making "the official minutes or transcription of the hearing. No other recording of the hearing is permitted." Agreement, Art. III, § 3.5 (1995-1998); Agreement, Art. III, § 3.5 (2001-2004). The JAB will have full power to enforce the Agreement by appropriate penalties or remedies, including but not limited to "fines, replacement of defective work without pay, or other appropriate sanctions." Agreement, Art. III, § 3.6 (1995-1998); Agreement, Art. III, § 3.6 (2001-2004).

**C.      Discovery Dispute**

Defendants and Counterplaintiffs submitted disclosures to the Court pursuant to Fed. R. Civ. P. 26(a)(1), citing Kevin Sherlock as an individual with information that may be used to support the claims, with regard to Defendants' and Counterplaintiffs' collections and contractor payments, JAB administration, hearing, and issuance of award. Pl. Supp. Mot., Ex. A. Defendants and Counterplaintiffs also cited the collective bargaining agreement(s), notice of the JAB hearing, minutes, and the JAB award as documents that may be used to support the claims. *Id.* Defendants and Counterplaintiffs

stated that such documents are maintained at their business office "and/or" the JAB's business office. *Id.*

In August 2007, as part of discovery for this action, Plaintiff issued subpoenas to the JAB, D.S.M. Siegel, Ltd., the auditor who prepared the compliance audit report at issue in the arbitration hearing, and Kevin Sherlock. Kevin Sherlock is Secretary of the JAB, charged with the responsibility for taking notes at the hearing. Pl. Mot. to Compel Sherlock ¶ 9. Each subpoena demands that the respondent produce documents and appear for deposition. Plaintiff filed motions to compel the JAB, D.S.M. Siegel, Ltd. and Kevin Sherlock to produce documents and appear for deposition. Defendants and Counterplaintiffs filed a motion to quash these subpoenas. Following briefing, the Court held oral argument on October 15, 2007.

## II. LEGAL STANDARDS

### A. Arbitrator Immunity

Similar to judicial immunity, a party may not bring an action against an arbitrator in order to challenge the validity of an arbitration decision**.** *Caudle v. Am. Arbitration Ass'n.,* 230 F.3d 920, 922 (7th Cir. 2000). In addition, a party may not depose an arbitrator in order to inquire into the basis, reasoning or thought processes that led to the decision. *Bliznik v. Int'l Harvester Co.,* 87 F.R.D. 490, 491 (N.D. Ill. 1980). However, a party may depose an arbitrator who possesses directly relevant and probative evidence concerning the issue on which the party bases its challenge, so long as the testimony elicited from the arbitrator does not question the correctness of his decision. *Bliznik,* 87

F.R.D. at 492 (allowing a party to depose an arbitrator for the limited scope of ascertaining the conduct of the union's representative at the arbitration hearing where the plaintiff was challenging the union's handling of his grievance). Where a recorded transcript of the hearing is available, a deposition of an arbitrator in such a situation may be unnecessary. *Id.*

**B.** **Judicial Review of Arbitration Decisions**

Arbitrations are final and binding, and thus the losing party at a labor arbitration cannot circumvent the arbitrator's decision and relitigate its case in the courts. *Local 15, Int'l Bhd. of Elec. Workers v. Exelon Corp.,* 495 F.3d 779, 785 (7th Cir. 2007); *Dean v. Sullivan,* 118 F.3d 1170, 1171 (7th Cir. 1997). Moreover, a court cannot substitute its own views for those of an arbitrator who acted within the scope of his authority. *Local 15,* 495 F.3d at 785.

Judicial review of arbitration awards is limited. *Cuna Mut. Ins. Soc'y. v. Office and Prof'l. Employees Int'l Union,* 443 F.3d 556, 561 (7th Cir. 2006). A losing party may seek to vacate an award, and the winning party may seek to enforce an award. However, a federal court must enforce the award "as long as it draws its essence from the collective bargaining agreement." *Id.* It is not the Court's job to determine if an arbitrator erred in interpreting a labor contract, even if a significant error exists. *Id.* at 562. As long as the arbitrator even arguably construed or applied the contract and acted within the scope of his authority, a court cannot overturn the arbitration award. *Sullivan v. Lemoncello*, 36 F.3d 676, 683 (7th Cir. 1994). An award fails to draw its essence from

the collective bargaining agreement "only when the arbitrator must have based his award on some body of thought, or feeling, or policy, or law that is outside the contract." *Cuna Mut. Ins. Soc'y.*, 443 F.3d at 561. The Court resolves any reasonable doubt over this issue in favor of enforcing the award. *Sullivan,* 36 F.3d at 683. Moreover, a party is barred from challenging an arbitration award if he does not do so within the applicable statute of limitations period. *Id.* at 681.

## III. DISCUSSION

The Court finds that Plaintiff may depose the JAB and Kevin Sherlock, but only for the limited purposes of gathering information relevant to the timeliness of Plaintiff's complaint, the number of union and management representatives present at the hearing, and the scope of the grievance documents. The Court finds that Plaintiff may also obtain documents from the JAB and Kevin Sherlock, but only those documents containing the grievance, the JAB's Decision and Award, and those documents pertaining to the timeliness of Plaintiff's complaint. Plaintiff may not depose nor obtain any documents that inquire into the basis of the JAB's decision, or that inquire into the audit performed by D.S.M. Siegel, Ltd.

### A.     Subpoena to the JAB

Plaintiff seeks to depose the JAB to discover facts related to the timeliness of Plaintiffs' complaint and to support Plaintiffs' claim that the award should be vacated. Plaintiff also seeks to obtain documents from the JAB in order to discover if the records

in possession of the JAB support the evidence presented at the arbitration hearing, and to review the JAB's records that relate to the timeliness of Plaintiff's complaint.

**1. Plaintiff may not depose the JAB on information related to its reasoning for the arbitration decision as requested in Exhibit A, paragraph A.3 of Plaintiff's subpoena to the JAB.**

Plaintiff may not depose members of the JAB in order to inquire into the basis for their arbitration decision. Plaintiff seeks to depose members of the JAB regarding "(3) [a]ll evidence relied upon by the JAB in rendering its Decision against McGann." Pl. Mot. to Compel JAB, Ex. A., ¶ A.3. Although Plaintiff is entitled to file a complaint to vacate the award, Plaintiff may not require JAB members to explain their reasoning for the award or the evidence they relied upon. An official record of the hearing is available to the Plaintiff from which to ascertain such evidence. Although Plaintiff questions the accuracy of this record, such a record is available, and having been produced by the JAB, the Court acknowledges this as the official record.

While a recorded transcript of a hearing may make the deposition of an arbitrator unnecessary, the lack of such a transcript does not create a need for an arbitrator's deposition. *See Bliznik,* 87 F.R.D. at 492. Moreover, the parties agreed that no such recording would be permitted at the hearing. Agreement, Art. III, § 3.5 (1995-1998); Agreement, Art. III, § 3.5 (2001-2004). Just as a reviewing court does not require a judge to testify as to the thought process on which his decision was based, this Court will not require a panel of arbitrators to testify as to the basis for their decision. Thus, the motion to compel the JAB to testify to the issues listed in paragraph A.3. of Plaintiff's subpoena

of the JAB is denied, and Defendants' and Counterplaintiffs' motion to quash as to this section of the subpoena is granted.

### 2. Plaintiff may not obtain the documents from the JAB related to the reasoning for its decision as requested in Exhibit A, paragraphs B.4-7 of Plaintiff's subpoena to the JAB.[1]

Plaintiff seeks to obtain from the JAB "(4) [a]ll drafts of the JAB Decision, (5) [a]ll documents showing transmittal of the JAB Decision to and from the members of the Joint Arbitration Board who participated in rendering such Decision, (6) [a]ll notes, minutes, sign-in sheets, and other records made before, at and after the JAB hearing, [and] (7) [a]ll statements, written and verbal, of any witness." Pl. Mot. to Compel JAB, Ex. A., ¶ B.4-7.

The documents requested in paragraphs B.4-7 all contain information regarding the basis for the JAB's decision and the JAB's reasoning for that decision. Just as deposing members of the JAB regarding the evidence they relied upon in making their decision is improper, so is requiring them to produce the documents containing their thought processes that led to their decision. Moreover, the only information likely to be contained in these documents aside from the JAB's thought processes are pieces of evidence presented to the JAB at the arbitration hearing, evidence that is not part of the present matter before this Court.

The Court will not allow Plaintiff to relitigate its case, nor will the Court entertain an inquiry into the accuracy of the JAB hearing record. Thus, the Court will not require

---

[1]At oral argument, Plaintiff informed the Court that its request for the items listed in paragraphs B.8-9 of Plaintiff's subpoena of the JAB have been withdrawn.

the JAB to produce the documents listed in paragraphs B.4-7 of Exhibit A of Plaintiff's subpoena of the JAB. Accordingly, Plaintiff's motion to compel the JAB to produce those documents is denied, and Defendants' and Counterplaintiffs' motion to quash as to this section of the subpoena is granted.

### 3. Plaintiff may depose the JAB for the limited purpose of gathering information related to the timeliness of Plaintiff's complaint as requested in Exhibit A, paragraphs A.1-2 of Plaintiff's subpoena of the JAB.

Plaintiff also seeks to depose members of the JAB on the following matters: "(1) [t]he time, date and location of the transmittal by JAB of the JAB's Decision and Award issued on or about August 30, 2006, as a result of the grievance brought against T. McGann Plumbing, Inc. ("McGann");" and "(2) [t]he JAB's receipt of the certified receipt showing delivery of the JAB Decision to McGann by certified mail." Pl. Mot. to Compel JAB, Ex. A., ¶ A.1-2.

Defendants argue that Plaintiff's complaint is untimely. Plaintiff is entitled to discovery in order to properly challenge this defense. Plaintiff is entitled to discovery, including a deposition, on the facts giving rise to the argument that Plaintiff's complaint is untimely. Allowing such a deposition for the limited purpose of seeking such information would not subject members of the JAB to testimony regarding the correctness of their decision. Thus, the Court allows Plaintiff to conduct a deposition, but only for the limited purpose of obtaining the information sought in Exhibit A, paragraphs A.1-2 of Plaintiff's subpoena of the JAB, and not to inquire into the correctness of the Arbitrators' decision. *Bliznik*, 87 F.R.D. at 492. The motion to compel the JAB to testify to these

limited matters is granted, and Defendants' and Counterplaintiffs' motion to quash this section of the subpoena is denied.

**4. Plaintiff may obtain those documents requested in Exhibit A, paragraphs B.1-3 of Plaintiff's subpoena of the JAB.**

Additionally, Plaintiff seeks to obtain the following documents from the JAB: "(1) [t]he grievance and/or charge brought against McGann; (2) [t]he original of the Joint Arbitration Board's Decision and Award ("JAB Decision"); and (3) [a]ll documents which show the transmittal of the JAB Decision to McGann." Pl. Mot. to Compel, Ex. A., ¶ B.1-3.[2]

Plaintiff seeks to vacate and set aside the JAB Decision and Award partly because the JAB Decision and Award exceed the scope of what was being arbitrated. The grievance or charge brought against Plaintiff is directly relevant to this issue, and thus, if Plaintiff does not currently possess such documents, the Court requires the JAB to produce them. Likewise, Plaintiff is also entitled to a copy of the JAB Decision and Award.[3] Moreover, because any documents showing the transmittal of the JAB Decision and Award to Plaintiff relate to the timeliness of Plaintiff's complaint, Plaintiff is entitled to receive these documents. Therefore, the motion to compel the JAB to produce the

---

[2]At oral argument, Plaintiff notified the Court that these documents have been produced. Nevertheless, to the extent that Plaintiff finds there has not been full production of these documents, the Court will address whether these documents are within the scope of discovery.

[3] Defendants and Counterplaintiffs acknowledge that the JAB Decision and Award is relevant to the claim, as they included the JAB award in their Rule 26(a)(1) disclosures as a document that may be used to support their claims, and stated that this document is maintained at their office "and/or" at the JAB's business office.

documents listed in paragraphs B.1-3 of Plaintiff's subpoena of the JAB is granted, and the motion to quash these sections of the subpoena is denied.

**B.      Subpoena to D.S.M. Siegel Ltd.**

Plaintiff seeks to depose a representative from D.S.M. Siegel Ltd., the auditor who conducted Plaintiff's audit and to obtain certain documents from D.S.M. Siegel Ltd.

### 1. Plaintiff may not depose any representatives from D.S.M. Siegel Ltd. nor obtain the documents requested in Exhibit A of the subpoena to D.S.M. Siegel Ltd.

Plaintiff seeks to depose the individuals from D.S.M. Siegel Ltd. who attended the arbitration hearing and who participated in the review and issuance of Plaintiff's audit. Plaintiff also seeks to obtain from D.S.M. Siegel Ltd. all original documents that pertain to Plaintiff's audit.

Representatives from D.S.M. Siegel, Ltd. prepared the audit presented to the JAB and Plaintiff had an opportunity to challenge the audit at the hearing. The Court will not allow Plaintiff to re-litigate the matter resolved before the JAB by further questioning the auditor as part of this matter, nor by seeking additional information from the auditor. Thus, the Court will not require any representatives from D.S.M. Siegel, Ltd. to appear for deposition by Plaintiff or to produce the documents requested by Plaintiff. Accordingly, Defendants' and Counterplaintiff's motion to quash Plaintiff's subpoena of D.S.M. Siegel, Ltd. is granted, and Plaintiff's motion to compel D.S.M. Siegel, Ltd. is denied.

**C.      Subpoena to Kevin Sherlock**

Finally, Plaintiff seeks to depose and obtain certain documents from Kevin Sherlock ("Sherlock") in order to discover if Sherlock's records support Plaintiff's claims that the evidence presented at the hearing did not support the arbitration award, that an award was rendered on a matter outside of the grievance, and that there was an unequal number of union and management representatives at the hearing, as well as to discover if the records are relevant to Defendants' claims that Plaintiff's complaint is untimely.

**1. Plaintiff may only depose Sherlock for the limited purposes of obtaining testimony regarding the issues of the number of union and management representatives present at the hearing, the timeliness of the complaint, and the scope of the grievance documents.**

Sherlock, as secretary of the JAB, is not required to testify as to the basis for the JAB's decision. Thus, the Court will not require Sherlock to be deposed in order for Plaintiff to acquire such information. In this case, Plaintiff argues that the award should be vacated partially because an unequal number of union and management representatives attended the hearing. As Secretary of the JAB, Sherlock should produce the official records to show how many union and management representatives attended the hearing. Defendants disclosed Sherlock in their Rule 26(a)(1) disclosures as a person with information on the "JAB Administration, hearing, and issuance of award." Pl. Supp. Mem., Ex. A., ¶ A.1. Such information does not touch on the correctness of the JAB's decision, and is relevant to Plaintiff's claim. Thus, Plaintiff may seek discovery from Sherlock on this limited matter.

Moreover, because Sherlock may also possess information regarding the timeliness of Plaintiff's complaint, Plaintiff may also depose him in order to obtain such information. Finally, if a dispute exists over the contents of the document that was sent to Plaintiff setting forth the grievance, then Plaintiff may also depose Sherlock on the limited issue of the contents of the documents that were sent out regarding the scope of the grievance. Plaintiff may not, however, elicit testimony from Sherlock regarding his interpretation of what the documents meant; rather he may only testify as to the identity of the documents sent to Plaintiff. Thus, Plaintiff may depose Sherlock, but only for the limited purpose of obtaining information regarding the number of union and management representatives present at the hearing, the timeliness of Plaintiff's complaint, and the contents of the documents setting forth the grievance.

**2. Sherlock shall only produce those documents that the JAB does not produce that are requested in Exhibit A, paragraphs B.1-3 of Plaintiff's subpoena to Sherlock.**

Plaintiff seeks to obtain from Sherlock the same documents he seeks from the JAB. Pl. Mot. to Compel Sherlock, Ex. A, ¶¶1-9. To the extent that Plaintiff does not receive the documents requested in paragraphs B.1-3 from the JAB, the Court will require Sherlock to produce them.[4]

---

[4]At oral argument, Plaintiff informed the Court that its request for the items listed in paragraphs B.8-9 of Plaintiff's subpoena of Kevin Sherlock have been withdrawn.

## IV. CONCLUSION

Parties who agree to resolve their disputes through arbitration must adhere to the finality of the arbitration decision, and may not relitigate their dispute in the event that they are unsatisfied with the result. When a party does seek to vacate an award, the Court will take great care to ensure the arbitrators' decision is respected, and that parties do not use discovery to inquire into the basis for that decision. **For the reasons set forth in this opinion,  the Court grants in part and denies in part Plaintiff's Motions to Compel, and grants in part and denies in part Defendants' and Counterplaintiffs' Motion to Quash.**

**SO ORDERED THIS 13th DAY OF NOVEMBER, 2007.**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Joseph Patrick Berglund
Berglund & Niew, P.C.
900 Jorie Boulevard, Suite 122
Oakbrook, IL 60523

Counsel for Plaintiff
Counsel for Counterdefendants

John W. Loseman
Lewis, Overbeck & Furman, LLP
20 N. Clark Street, Suite 3200
Chicago, IL 60602

Counsel for Defendants
Counsel for Counterplaintiffs