IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| T. McGANN PLUMBING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06 C 6591 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| JAMES T. SULLIVAN, not individually but as Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., *etc. et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court are Plaintiff T. McGann Plumbing, Inc.'s motion for judicial notice; Plaintiff's motion for summary judgment; and Defendants James T. Sullivan as Trustee for Plumbers' Pension Fund, Local 130, U.A. et al.'s motion for summary judgment. For the reasons set forth below, Plaintiff's motion for judicial notice is DENIED; Plaintiff's motion for summary judgment is DENIED; Defendants' motion for summary judgment is DENIED, with certain issues foreclosed for the purposes of trial.

## I. FACTS

T. McGann Plumbing, Inc. ("Plaintiff") is an Illinois corporation with its principal place of business in this district, and is an employer within the meaning and definition of 29 U.S.C. §152(2). On November 29, 2006, T. McGann Plumbing, Inc. filed this action, pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185(a) and 28 U.S.C. §1331, to vacate a Decision and Award issued by the Joint Arbitration Board against James T. Sullivan, as Trustee of Plumbers' Pension Fund, Local 130, U.A. ("Pension Fund"), Plumbers Welfare Fund, Local 130, U.A. ("Welfare Fund"), Trust Fund for Apprentice and Journeyman Education and Training, Local 130, U.A. ("Education Fund"), and Chicago Journeymen Plumbers' Local Union 130, U.A. ("Union"), Group Legal Services Plan Fund ("Legal Fund") (collectively, "Benefit Funds" or "Defendants").

There was in effect on and after April 1, 2000, a written collective bargaining agreement ("1995 CBA") between Plaintiff and the Union. The 1995 CBA covered the period June 1, 1995 through May 31, 2001. The 1995 CBA was extended from June 1, 2001 to May 21, 2004 ("2001 CBA") and from June 1, 2004 through May 31, 2007 ("2004 CBA") (collectively, "the CBA"). Section 1.6 of the CBA provides for Union and Benefit Funds to conduct audits to verify Plaintiff's compliance with the CBAs. As authorized by the CBAs, the certified public accounting firm of DM Siegel, Ltd. audited Plaintiff's books and records to confirm Plaintiff's compliance with those CBAs from the period of April 1, 2000 through June 30, 2004.

Plaintiff received a cover letter dated April 30, 2005 from D.M. Seigel, Ltd. ("Siegel") which contained a Compliance Report to the Trustees, Plumbers' Benefit Funds, Local 130, U.A. ("Compliance Report") for the period covering April 1, 2000 to June 30, 2004. According to

Thomas McGann, the Vice President to T. McGann Plumbing, Inc., the Compliance Report indicated that Plaintiff owed contributions and deductions in the amount of $73,877.80 plus liquidated damages and interest in the amount of $30,4441.65, totaling $104,319.45. Defendants disagree that the Compliance Report was limited to contributions and deductions. Plaintiff disputed the Compliance Audit findings.

On May 31, 2006, Plaintiff received notice from the JAB that a hearing would be held on June 21, 2006 regarding "Violations of the Collecting Bargaining Agreement including the audit for the periods from April 01, 2000 through June 30, 2004." The hearing was continued to July 26, 2006. Plaintiff, by and through its president, Sharon McGann, and its vice-president, Thomas M. McGann, appeared at and participated in the JAB hearing. The JAB present at the hearing consisted of five members from the Plumbing Contractors' Association of Chicago and Cook County, and four members from the Union.

On August 30, 2006, the JAB issued its Decision and Award ("Award"), wherein the JAB ruled that Plaintiff had violated the CBA during the period from April 1, 2000 through June 30, 2004. The Award required Plaintiff to pay $83,455.53, and costs and fees for failure to pay by September 29, 2006. Defendants claim Plaintiff received the Award on August 30, 2006. Plaintiff claims it received the Award on August 31, 2006.

Plaintiff has not paid the amounts required by the Award, and has filed the present action asking this court to vacate the Award.

## II. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, along with any affidavits, show there is no genuine issue of fact. Such a showing entitles the moving party to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986); *Lucas v. Chicago Transit Authority*, 367 F.3d 714, 720 (7th Cir. 2004). A genuine issue of material fact exists only when a reasonable factfinder could find for the nonmoving party, based on the record as a whole. The court does not weigh the evidence and it does not make credibility determinations. Instead, the court makes all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000); *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 436 (7th Cir. 2000). If a party fails to present proof on an essential element of his or her case, then all other facts become necessarily immaterial. *Ribando v. United Airlines, Inc.*, 200 F.3d 507, 509 (7th Cir. 1999).

### III. ANALYSIS

### A. Judicial Notice

As an initial matter, Plaintiff moves this court to take judicial notice that McGann Plumbing received the Award on August 31, 2006 by mail, or alternatively, that an item mailed from the City of Chicago on August 30, 2006 could not be received in the City of Arlington Heights on the same day. Under Section 201(b) of the Federal Rules of Evidence, this court may take judicial notice of any fact which is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

In the present case, there is a factual dispute that prevents this court from taking judicial

notice that the Award was received by the Plaintiff on August 31, 2006. In support of their contention, Plaintiff produces a "Track & Confirm" webpage from the United States Postal Service stating that the Award "item was delivered at 10:34 am on August 31, 2006 in ARLINGTON HEIGHTS, IL 60004." In direct contention, Defendants produce the certified mail receipt, stating that the item was received on August 30, 3006 in Arlington Heights, IL 60004. Because both parties have produced evidence of receipt for differing days, the date of receipt is subject to reasonable factual dispute, and this court declines to take judicial notice that the Award was received by Plaintiff on August 31, 2006.

In the alternative, Plaintiff asks this court to take judicial notice that an item mailed from the City of Chicago on August 30, 2006 could not be received in the City of Arlington Heights on the same day. In support of this contention, Plaintiff does not include any affidavits by the Postal Service explaining postal service procedures, or any evidence that a same-day delivery is impossible or inconceivable. All Plaintiff has present this court with is its own argument. The evidence is insufficient, and this court cannot take judicial notice of a fact that is subject to reasonable dispute, pursuant to Rule 201(b) of the Federal Rules of Evidence.

**B. Statute of Limitations**

Actions to vacate labor arbitration awards must be brought within 90 days. Illinois Arbitration Act, Ill. Ann. Stat. ch. 10, § 112(b) (Smith-Hurd 1975); *Plumbers' Pension Fund, Local 130 v. Domas Mechanical Contractors, Inc.*, 778 F.2d 1266, 1268 (7th Cir. 1985). Defendants move for summary judgment, asserting that Plaintiff received the Award on August 30, 2006, but did not file its claim to vacate the award until November 29, 2006, 91 days later, in violation of the 90-day statute of limitations period. Plaintiff asserts that it did not receive the

Award until August 31, 2006, and filed 90 days later on November 29, 2006, satisfying the statute of limitation. The factual dispute is not resolved, as discussed in the previous section on Judicial Notice. Because a genuine issue of material fact still remains–whether Plaintiff received the Award on August 30, 2006 or August 31, 2006–summary judgment is denied to Defendants.

Defendants also seem to argue that Plaintiffs violated the statute of limitations under the Federal Arbitration Act (FAA), citing *Webster v. A. T. Kearney, Inc.*, 507 F.3d 568 (7th Cir. 2007). In *Webster v. A. T. Kearney, Inc*, an employee sought review of a decision by his employer under the FAA, 9 U.S.C.S. §12. First, Plaintiff does not raise an FAA claim in the Complaint, and there is no indication that the FAA is implicated in this suit. Second, "in the labor law context, it is well established that the standards of the FAA are 'superceded' by LMRA section 301," under which this suit is filed. *Martin v. Youngstown Sheet & Tube Co.*, 911 F.2d 1239, 1244 (7th Cir. 1990). For these reasons, this court declines to entertain Defendants' FAA arguments, which are inapplicable to the present case.

**C. The Award**

Plaintiff moves for summary judgment claiming that the JAB exceeded its powers, because it went beyond the written notice of dispute pertaining to the contributions and deductions due and fined Plaintiff for permitting employees other than licensed journeyman or apprentice plumbers to perform work within the jurisdiction of the Union. Plaintiff claims that the only written notices of dispute it received were Seigel's April 20, 2005 letter and Seigel's Compliance Report. Plaintiff asserts that both refer only to whether Plaintiff owed contributions and deductions as claimed in the Audit Report. Plaintiff did not receive written notice of any other dispute. Plaintiff thus claims that the JAB fine for permitting employees other than

licensed journeyman or apprentice plumbers to perform work within the jurisdiction of the Union, and the interest accrued, were beyond the JAB's authority because Plaintiff did not "dispute" the particular issue, as required by the CBA. In a cross motion, Defendants contend that the JAB acted within its authority under the CBA, that the Award drew its essence from the CBA, and summary judgment should be granted to the Defendants.

There are two issues before this court: (1) whether the JAB had authority to rule on the issues, and (2) whether the decision draws its essence from the CBA. The Supreme Court has held that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit...the judicial inquiry under § 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (U.S. 1960). Further, "Doubts should be resolved in favor of coverage." *Id.* The parties agreed that "all arbitrable disputes arising between them shall be submitted to a Joint Arbitration Board" under Section 3.2 of the CBA. Plaintiff claims that the only issue in dispute is that of contribution and deductions, and not the use of non-plumber workers. Thus, according to the Plaintiff, because Plaintiff was not given written notice of the use of non-plumber worker issue, it did not dispute it, and it is not a proper "dispute" subject to the authority of the JAB under the CBA. The Defendant claims that the Plaintiff has submitted all CBA violations to the JAB, and the JAB had proper authority to make the Award. Defendants assert that the JAB notice stated that the hearing was regarding "Violations of the CBA" generally, and Plaintiff was put on notice that the JAB hearing would cover matters outside of contribution and deductions owed. It is unclear to this court whether Seigel's letter and Compliance Report indicated

contributions and deductions only, or whether it reported on CBA violations more broadly. There is a genuine issue of material fact as to whether the only issue under dispute was the contribution and deduction issue, or whether the use of non-plumber workers was also disputed and properly before the JAB. Thus, summary judgment is denied to both Plaintiff and Defendants on whether the JAB had authority to rule on issues other than contribution and deductions.

As to whether the JAB drew its decision from the essence of the CBA, this court finds no reason to doubt that the JAB made its decision pursuant to interpretation of the CBA. The Seventh Circuit has acknowledged that federal review of an arbitration award is very limited. See *Ethyl Corp. v. United Steelworkers of America, etc.*, 768 F.2d 180, 184 (7th Cir. 1985). The Seventh Circuit has instructed that an "arbitrator's award is enforceable so long as it 'draws its essence from the collective bargaining agreement,' even when the arbitrator misconstrued the contract." *Id.* In other words, "so long as the award is based on the arbitrator's interpretation–unsound though it may be–of the contract, it draws its essence from the contract." *Id.* Any "reasonable doubt must be resolved in favor of enforcing the award. *Id*. Thus, the inquiry by this court is whether the arbitrator drew his or her decision based on an interpretation of the contract provisions. The JAB has stated in the Award that the conclusions were drawn "pursuant to the applicable section of the CBA." Absent any evidence from the Plaintiff to the contrary, this court is satisfied that the JAB did make its decisions pursuant to the CBA, as stated in the Award.

**D. Joint Arbitration Board**

Plaintiff moves for summary judgment on the ground that an unequal number of

management and labor representatives that comprised the JAB, as specified in the CBA, rendered the Award null, void and unenforceable. Section 3.2 of the CBA states that "The parties hereto agree that all arbitration disputes arising between them shall be submitted to a Joint Arbitration Board. The Joint Arbitration Board shall be comprised of ten (10) members, consisting of five (5) members appointed by the Plumbing Contractors Association of Chicago and Cook County and five (5) members appointed by the Union." Section 3.5 of the CBA states, *inter alia,* "The Board members *present at the hearing* shall hear the evidence in the case and shall render a decision..." (Italics added). Section 3.6 of the CBA states, *inter alia,* "Decisions of the Joint Arbitration Board shall be by majority vote. A majority shall consist of fifty percent (50%) plus one (1) of those members of the Joint Arbitration Board *present and voting*" (Italics added).

Plaintiff argues that Section 3.2 of the CBA requires that the JAB shall be comprised of ten members, consisting of five members appointed by the Plumbers Contractors Association of Chicago and Cook County and five members appointed by the Union. Plaintiff asserts that, in direct contravention of the CBA, an unequal number of members representing the Association and the Union comprised the JAB which heard the dispute. Specifically, five members of the Plumbing Contractors' Association of Chicago and Cook County were present, where as, only four members of the Chicago Journeymen Plumbers' Local Union were present at Plaintiff's hearing. Thus, Plaintiff argues that the Award issued is null, void and unenforceable.

Because this claim was not brought before the JAB, it is now barred. The Seventh Circuit has been clear on this point: "disputants could not stand by during arbitration, and withhold certain arguments, and then upon losing the arbitration, raise such arguments in federal court."

*Dean v. Sullivan*, 118 F.3d 1170 (7th Cir. 1997). In *Dean v. Sullivan*, the plaintiff argued for the first time in federal court that the composition of the board did not observe the terms of the collective bargaining agreement, and therefore the decision should be presumed void. *Id.* The Seventh Circuit found that because the plaintiff did not bring this argument before the Board, he could not later raise it in federal court. This reasoning applies to the present case, where Plaintiff argues that the composition of the JAB violated the CBA. This claim should have been raised to the Board, and cannot be raised for the first time in federal court. This claim is barred.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judicial notice is denied; Plaintiff's motion for summary judgment is denied; Defendants' motion for summary judgment is denied, however, for trial purposes, the issue of the composition of the JAB violating the CBA is foreclosed, as is the issue as to whether the JAB drew the essence of its decision from the CBA.

Enter:

/s/David H. Coar

───────────────────────────────
David H. Coar
United States District Judge

**Dated: January 15, 2008**